UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRIAN OBLAD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE**<br><br>Case No. 2:20-cv-00875-HCN-DAO<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

On December 17, 2020, pro se Plaintiff Brian Oblad, proceeding *in forma pauperis*, filed this action against the "United States Government," Utah Attorney General's Office, Department of Justice, and unspecified senators, congresspeople, police administrators, and officers. (Compl., Doc. No. 3.) Read broadly, his Complaint also asserted claims against various judges and clerks. (*Id.*) On March 24, 2021, the court found Mr. Oblad's Complaint deficient and ordered him to file an amended complaint. (Order to Amend Deficient Compl. and Mooting Pending ECF Mots. ("Order to Amend"), Doc. No. 18.) Mr. Oblad filed an Amended Complaint on April 26, 2021, naming the "United States Government," "Attorney Generals Utah," Nancy Pelosi Speaker of the House, Sean Reyes, President Joe Biden, the Department of Justice, Senator Mike Lee, Merrick Garland, Senator Mitch McConnell, Michael Carvajal, Bureau of Prisoners [sic], and Governor Spencer Cox as defendants. (Am. Compl., Doc. No. 19.) This Amended Complaint could be liberally construed to also assert claims against Rand Paul, Cory Booker, and "high ranking members of the judicial system." (*Id.*)

Upon review of the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B), it is evident Mr. Oblad fails to state a plausible claim for relief and that further opportunities to amend would

1

be futile. Accordingly, as explained below, the undersigned[1] RECOMMENDS the district judge DISMISS this action with prejudice.

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

---

[1] On June 10, 2021, this case was reassigned from Magistrate Judge Cecilia M. Romero to District Judge Howard C. Nielson, Jr. (Doc. No. 36.) On June 14, 2021, Judge Nielson referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 37.)

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

Because Mr. Oblad proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). Thus, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## DISCUSSION

The court previously found Mr. Oblad's original Complaint deficient because it did not "contain adequate information on the specific identity of the Defendants, the legal claims

asserted against each Defendant, or factual support linking the Defendants to the alleged violations." (Order to Amend, Doc. No. 18 at 1.)  The court also noted many of Mr. Oblad's allegations appeared to concern generalized grievances regarding the judicial system as opposed to a specific controversy involving Mr. Oblad.  (*Id.* at 2.)

Mr. Oblad's Amended Complaint fails to cure these deficiencies.  Mr. Oblad purports to bring claims under 42 U.S.C. §§ 1983 and 1985, alleging denial of constitutional rights of equal protection and due process, denial of access to the courts, and violation of the Eighth Amendment's prohibition on cruel and unusual punishment.  (*See* Am. Compl., Doc. No. 19 at 1.)  However, he fails to offer specific factual allegations explaining how his rights have violated.  Instead, he asserts general critiques of the judicial system and prison system, without connecting these critiques to any particular violation of his rights.  For example, he alleges the prison grievance system is "designed to deflect and deny any and all accountability"; "they routinely deny prisoners['] pleadings and avoid at all costs admitting any negligence"; and "the court routinely sides with any member of this bureaucratic system." (*Id.* at 3.)

The only allegation connecting these critiques to Mr. Oblad's own experience is his statement that he has "filed hundreds of grievances over the years to prove a point." (*Id.*)  But Mr. Oblad does not provide further factual development or explain how he has been harmed. (*Id.*)  The remainder of the Amended Complaint asserts equally general critiques regarding how prisoner complaints are handled by the courts and various government officials and agencies. (*See id.* at 4–19.)  And although Mr. Oblad identifies the defendants with greater specificity than in his original Complaint, he fails to allege particular actions by these defendants which have harmed him or violated his constitutional rights. (*See id.* at 2–3.)

For these reasons, Mr. Oblad's Amended Complaint fails to state a claim on which relief may be granted. The Amended Complaint also fails to comply with the requirements of Rule 8. Because the Amended Complaint fails to cure the deficiencies in the original Complaint identified in the court's prior order, it would be futile to give Mr. Oblad further opportunities for amendment. Accordingly, the undersigned RECOMMENDS the district judge DISMISS this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

RECOMMENDATION

The undersigned RECOMMENDS the district judge DISMISS this action with prejudice. The court will send copies of this Report and Recommendation to Mr. Oblad, who is notified of his right to object to it. Mr. Oblad must file any objection to this Report and Recommendation within fourteen (14) days of service. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 16th day of June, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge